UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | CRIMINAL ACTION H-14-47-3 |
| § | |
| § | |
| TARMERA RENEE WYCKOFF, § | |
| A/K/A TONI WYCKOFF *on bond* § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Tarmera Renee Wyckoff, a/k/a Toni Wyckoff's ("Toni") motion to sever. Dkt. 41. After considering the indictment, motion, the government's response (Dkt. 43), and the applicable law, Toni's motion to sever (Dkt. 41) is **DENIED**.

**I. BACKGROUND**[1]

This is a tax fraud case in which the United States alleges that Toni conspired with Cheryl Reed Johnson ("Cheryl") and Carey Jermaine Johnson, a/k/a Jermaine Johnson ("Jermaine") from November 2008 through July 2010 to fraudulently obtain tax refunds from the Internal Revenue Service ("IRS"). Dkt. 1 (indictment) at 1–3 ¶¶ 1–4. Specifically, Cheryl submitted Forms 1040 (through TurboTax and other tax preparation software) in the names of various individuals and received refunds directly from the IRS. *Id.* at 1–2 ¶ 1. Jermaine recruited individuals for the purpose of fraudulently filing their returns. *Id.* at 2 ¶ 2. Toni also submitted Forms 1040 in the names of various individuals, received refunds from the IRS, and established bank accounts into which the refunds would be received by wire or ACH transfer. *Id.* at 2 ¶ 3.

---

[1] The court recites the facts as alleged in the indictment for purposes of analyzing the motion to sever. This discussion should not be construed as a commentary on the veracity of any allegation contained in the charging instrument.

In furtherance of the alleged conspiracy, the indictment states several overt acts. For instance, with regard to property situated at 8926 Rolling Rapids, Humble, Texas (the "Rolling Rapids property"), Cheryl and Jermaine caused a 2008 tax return to be filed in January 2009, in the name of C.J.J., claiming a first-time homebuyer credit. *Id.* at 5 ¶ 3. Then, on February 22, 2009, Cheryl caused a 2008 tax return to be filed in the name of S.O. claiming a first-time homebuyer credit for the same Rolling Rapids property. *Id.* at 6 ¶ 6. Three days later, on February 25, 2009, Cheryl caused a 2008 tax return to be filed in the name of D.J. claiming a first-time homebuyer credit for the Rolling Rapids property. *Id.* at 6 ¶ 9. On March 23 and April 1, 2009, Toni similarly caused two tax returns to be filed in the names of E.B. and R.M., respectively, claiming first-time homebuyer credits for the Rolling Rapids property. *Id.* at 7 ¶¶ 15, 17. The indictment alleges a similar scheme of claimed credits in returns filed by Cheryl and Toni as to real property situated at 10506 Hollyglen, Houston, Texas. *Id.* at 5–6 ¶¶ 4, 8 (Cheryl's alleged acts); *id.* at 8 ¶¶ 23–24 (Toni's alleged acts).

On January 30, 2014, the grand jury returned its indictment. Dkt. 1. The indictment charges twenty-three conspiracy and fraud counts against the defendants, eighteen of which are charged against Toni. Those charges are: (1) Count One – Conspiracy (18 U.S.C. § 1349); (2) Count Two – Conspiracy to Make False Claims to the IRS (18 U.S.C. §286); (3) Counts Eight Through Eleven – Wire Fraud (18 U.S.C. § 1343); (4) Counts Twelve Through Twenty-Three — False Claims for Tax Refunds (18 U.S.C. § 287). *Id.* at 1–14.

On February 13, 2014, Toni was arrested and made an initial appearance before Magistrate Judge George Hanks. Dkt. 10. Toni was arraigned on February 18, 2014, and she entered a plea of Not Guilty as to all counts. Dkt. 22. On March 5, 2014, Toni filed the instant motion to sever her trial from the trial of Cheryl and Jermaine. Dkt. 41. Toni claims that a severance is warranted for the following

reasons: (1) the conduct alleged against her and her co-defendants is not based on the same transaction nor is it part of a common scheme; (2) certain counts in the indictment are not alleged against Toni and would prejudice her right to a fair trial for the counts alleged against her; and (3) Cheryl's prior convictions, if introduced as evidence in this case, would prejudice Toni's rights. *Id.* at 1–2.

The government responded to the motion to sever on March 10, 2014. Dkt. 43. The government contends that the indictment is proper under Rule 8 of the Federal Rules of Criminal Procedure, which permits multiple defendants to be charged in one or more counts together or separately. *Id.* at 4; FED. R. CRIM. P. 8(b). The government further alleges that Toni has not shown a serious risk of unfair prejudice to a joint trial because the indictment need not charge every defendant as to the same act or acts but may charge a larger scheme or conspiracy for which all defendants are criminally liable. Dkt. 43 at 4–5.

## II. Legal Standard

Rule 8(b) of the Federal Rules of Criminal Procedure states that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). There is a preference in federal court for one trial of jointly-indicted defendants. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933 (1993). However, this preference may be overcome if a joint trial may prejudice either a defendant or the government. *Id.* at 538. Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a).

The court possesses considerable discretion under Rule 14, and denial of a motion to sever will only be reversed upon an abuse of that discretion. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994). The Fifth Circuit has reiterated the general rule "that persons indicted together should be tried together, especially in conspiracy cases." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). Therefore, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. On appeal, the Fifth Circuit will reverse the district court's denial only if there is a showing of (1) compelling prejudice from the denial of severance; and (2) that such prejudice outweighs "the government's interest in economy of judicial administration." *United States v. Buckhalter*, 986 F.2d 875, 876 (5th Cir. 1993); *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989) ("Reversal is warranted only when the [defendant] can demonstrate compelling prejudice against which the trial court was unable to afford protection.").

### III. ANALYSIS

In this case, Toni essentially argues that a failure to sever would result in substantial prejudice on two grounds: (1) the differences in her alleged conduct from that of her co-defendants are so great as to prevent a fair trial; and (2) the potential admission of Cheryl's prior convictions would prevent a fair determination of guilt or innocence by the jury. Dkt. 41 at 1–2. The court examines each of these contentions in turn.

First, Toni argues that her transactions were distinct from those of her co-defendants, and her conduct was not part of a common scheme or plan. *Id.* However, Rule 8 is broadly construed in favor of initial joinder, and the transaction requirement merely requires a "logical relationship." *United*

4

States v. Butler, 429 F.3d 140, 147 (5th Cir. 2005). Here, there is a logical relationship between the conduct alleged against the defendants, much of which is connected through overlapping claims of fraud related to the same homes. As alleged, this conduct also forms part of a common scheme or plan to defraud the IRS through multiple false tax-credit entitlements for the same properties.

Second, Toni contends that without a severance, she will suffer spillover prejudice if the jury is made aware of Cheryl's prior convictions. Dkt. 41 at 1. However, without more, this argument is insufficient to show a danger of substantial prejudice to Toni. There has been no showing that the jury will be unable to compartmentalize the evidence as it relates to each defendant, especially if the court administers proper cautionary and limiting instructions regarding the jury's consideration of particular evidence, including any prior convictions of one or more defendants. *United States v. Solis*, 299 F.3d 420, 441 (5th Cir. 2002). These contentions do not warrant a departure from the traditional rule of trying co-conspirators together in one trial.

## IV. CONCLUSION

Because Toni has failed to show a substantial risk of unfair prejudice in a joint trial, her Rule 14 motion to sever (Dkt. 41) is hereby **DENIED**.

Signed at Houston, Texas on March 13, 2014.

_____
Gray H. Miller
United States District Judge

5